IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANDRA SPERRY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 07-2177 (ESH) |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * | | |

## ANSWER

Liberty Life Assurance Company of Boston ("Liberty Life), defendant, through its counsel, answers the Complaint of Sandra Sperry ("Sperry" or "Plaintiff") as follows:

1. Liberty Life is without knowledge or information sufficient to form a belief as to many of the allegations contained in Paragraph 1 of the Complaint and, thus, denies them. Notwithstanding the foregoing, Liberty Life admits that Sperry was employed as a Vice President and Corporate Executive of Westat.

2. Liberty Life admits the allegations contained in Paragraph 2 of the Compaint with the following caveats: (a) Liberty Life issued an group insurance policy ("Policy") to Westat; Liberty Life did not issue a "plan" as the term is defined in 29 U.S.C. § 1002(3); (b) Liberty Life admits that it had fiduciary responsibilities insofar as it exercised its discretionary authority with respect to its interpreting the Policy and determining eligibility for benefits under the Policy; it was and is not a "fiduciary" with respect to "administer[ing] the Plan."

3.      Liberty Life admits the allegations contained in Paragraph 3 of the Complaint to the extent that it issued a Policy as part of an ERISA plan sponsored by Westat.

4.      Liberty Life admits the allegations contained in Paragraph 4 of the Complaint to the extent that it issued a Policy as part of an ERISA plan sponsored by Westat.

5.      The allegations contained in Paragraph 5 of the Complaint are a legal conclusion to which no response is necessary.

6.      Liberty Life admits the allegations contained in Paragraph 6 of the Complaint.

7.      Liberty Life is without knowledge or information sufficient to form a belief as to many of the allegations contained in Paragraph 7 of the Complaint and, thus, denies them.

8.      Liberty Life admits the allegations contained in Paragraph 8 of the Complaint.

9.      Liberty Life admits the allegations contained in the first sentence of Paragraph 9 of the Complaint. Insofar as the second sentence of Paragraph 9 is concerned, Liberty Life issued the Policy that is relevant to the Plaintiff's claim; Liberty Life is without knowledge or information regarding other funding mechanisms that may or may not have been used by Westat to fund the Plan at various other times.

10.     Liberty Life admits that the Plaintiff ceased working full-time on March 29, 1995. Liberty Life is without knowledge or information sufficient to form a belief as

to the remaining allegations contained in Paragraph 10 of the Complaint and, thus, denies them.

11.     Liberty Life is without information or knowledge sufficient to form a belief as to most of the allegations contained in Paragraph 11 of the Complaint and, thus, denies them.  Liberty Life admits that it approved the Plaintiff's initial claim by means of a letter dated July 25, 1995, which speaks for itself.

12.     Liberty Life admits the allegations contained in Paragraph 12 of the Complaint.

13.     Liberty Life is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint and, thus, denies them.

14.     Liberty Life is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint and, thus, denies them.

15.     Liberty Life is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint and, thus, denies them.

16.     Liberty Life admits the allegations contained in Paragraph 16 of the Complaint.

17.     Liberty Life neither admits nor denies the allegations contained in Paragraph 17 of the Complaint.  Each of the health care providers listed has provided medical records and/or reports to Liberty Life.  Those medical records and/or reports speak for themselves.

18.     Liberty Life denies the allegation contained in Paragraph 18 of the Complaint that it directed Dr. Livingood to evaluate the Plaintiff's capacities; Liberty Life requested information from Dr. Livingood, who was Ms. Sperry's physician.  Insofar as Dr. Livengood's comments on the Liberty Life form are concerned, the comments speak for themselves.  To the extent that the allegations contained in Paragraph 18 of the Complaint differ from Dr. Livingood's comments, they are denied.

19.     Liberty Life's July 1, 1996, letter to Ms. Sperry speaks for itself.  To the extent that the allegations contained in Paragraph 19 of the Complaint differ from the statements in Liberty Life's letter, they are denied.

20.     Liberty Life is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint and, thus, denies them.

21.     The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves.  To the extent that the allegations contained in Paragraph 21 of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

22.     The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves.  To the extent that the allegations contained in Paragraph 22 of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

23.     Liberty Life admits the allegations contained in Paragraph 23 of the Complaint.

24. The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves. To the extent that the allegations contained in Paragraph 24 of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

25. The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves. To the extent that the allegations contained in Paragraph 25 of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

26. Liberty Life denies the allegations contained in Paragraph 26 of the Complaint.

27. Liberty Life denies the allegations contained in Paragraph 27 of the Complaint.

28. The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves. To the extent that the allegations contained in Paragraph 28 of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied. Liberty Life denies the Complaint's characterizations in the final sentence of Paragraph 28 of the Complaint.

29. The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves. To the extent that the allegations contained in Paragraph 29 of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

30. The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves. To the extent that the allegations contained in Paragraph 30

of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

31.    The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves. To the extent that the allegations contained in Paragraph 31 of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

32.    Liberty Life denies the allegations contained in Paragraph 32 of the Complaint.

33.    The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves. To the extent that the allegations contained in Paragraph 33 of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

34.    The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves. To the extent that the allegations contained in Paragraph 34 of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

35.    The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves. To the extent that the allegations contained in Paragraph 35 of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

36.    The documents contained in Liberty Life's file relating to Ms. Sperry's claim speak for themselves. To the extent that the allegations contained in Paragraph 36

of the Complaint differ from the matters recorded in Liberty Life's claim file, they are denied.

37. Liberty Life denies the characterization of the record contained in Paragraph 37 of the Complaint. Liberty Life admits that it determined that the Plaintiff was suffering from a Mental Illness and that Liberty Life only approved Plaintiff for an additional 24 months of disability benefits, commencing January 2, 2003, and ending December 31, 2004.

38. Liberty Life denies the allegation contained in Paragraph 38 of the Complaint that the Plaintiff is suffering from a physical illness. Liberty Life admits the allegation contained in Paragraph 38 of the Complaint that the Plaintiff has not received any long-term disability benefits from Liberty Life for the period from January 1, 2005, to the present.

39. The Policy speaks for itself. To the extent that the allegations contained in Paragraph 39 differ from the terms of the Policy, they are denied.

40. Liberty Life denies the allegations contained in Paragraph 40 of the Complaint.

41. Liberty Life denies the allegations contained in Paragraph 41 of the Complaint.

42. Liberty Life denies the allegations contained in Paragraph 42 of the Complaint.

43. The Policy speaks for itself. To the extent that the allegations contained in Paragraph 43 differ from the terms of the Policy, they are denied.

44. The Policy speaks for itself. To the extent that the allegations contained in Paragraph 44 differ from the terms of the Policy, they are denied.

45. Liberty Life denies the allegations contained in Paragraph 45 of the Complaint.

46. The Policy speaks for itself. To the extent that the allegations contained in Paragraph 46 differ from the terms of the Policy, they are denied.

47. Liberty Life denies the allegations contained in Paragraph 47 of the Complaint.

48. Liberty Life is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 48 of the Complaint and, thus, denies them.

49. Liberty Life's March 21, 2003, letter speaks for itself. To the extent that the allegations contained in Paragraph 49 of the Complaint differ from the letter, they are denied.

50. Liberty Life admits the allegations contained in the first sentence of Paragraph 50 of the Complaint. Liberty Life denies the allegations contained in the second sentence of Paragraph 50 of the Complaint.

51. Liberty Life admits that the Plaintiff appealed the denial of the termination of Long Term Disability Benefits; Liberty Life denies the allegation contained in Paragraph 51 of the Complaint that the termination was wrongful.

52. Liberty Life denies the allegations contained in Paragraph 52 of the Complaint.

53. Liberty Life denies the allegations contained in Paragraph 53 of the Complaint.

54. Liberty Life denies the allegations contained in Paragraph 54 of the Complaint.

**Count I**

55. Liberty Life incorporates by reference its responses to Paragraphs 1 to 54 of the Complaint.

56. Liberty Life denies the allegations contained in Paragraph 56 of the Complaint.

57. Liberty Life denies the allegations contained in Paragraph 57 of the Complaint.

58. Liberty Life denies the allegations contained in Paragraph 58 of the Complaint.

59. Liberty Life denies the allegations contained in Paragraph 59 of the Complaint.

60. Liberty Life denies the allegations contained in Paragraph 60 of the Complaint.

61. Liberty Life denies the allegations contained in Paragraph 61 of the Complaint.

62. Liberty Life denies the allegations contained in Paragraph 62 of the Complaint.

63. Liberty Life denies the allegations contained in Paragraph 63 of the Complaint.

64. Liberty Life denies the allegations contained in Paragraph 64 of the Complaint.

65. Liberty Life denies the allegations contained in Paragraph 65 of the Complaint.

**First Defense**

The Complaint fails to state claims upon which relief can be granted.

**Second Defense**

Liberty Life affirmatively states that the present action seeks disability benefits under the terms of an employee welfare benefit plan, which provides, among other benefits, long term disability benefits. The Policy was issued as part of a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et. seq.* Ms. Sperry's remedies under the Plan, if any, are limited to those which Section 502(a) of ERISA (codified as 29 U.S.C. § 1132(a)) provides. To the extent that Ms. Sperry demands any relief or remedy not provided by Section 502(a) of ERISA those demands are preempted by ERISA and fail to state a claim upon which relief can be granted.

**Third Defense**

The long term disability benefits that are the subject of Ms. Sperry's Complaint are administered and funded pursuant to Group Disability Income Policy that Westat, Inc., purchased from Liberty Life. The Policy gives Liberty Life discretionary authority over interpretation of the Policy and eligibility for disability benefits.

### Fourth Defense

Liberty Life affirmatively states that it has discharged its duties with respect to the Policy in accordance with the documents and instruments governing the Plan and ERISA.

### Fifth Defense

Liberty Life affirmatively states that it has discharged its duties solely in the interest of the Plan participants and their beneficiaries as a class and, in so doing, acted in accordance with the terms, instruments and documents governing the Plan.

### Sixth Defense

Liberty Life affirmatively states that Ms. Sperry's claims are barred because Liberty Life's benefit determination was not arbitrary, capricious, unreasonable or made in bad faith, but, rather, was reasonable based on substantial evidence and was in accordance with the Policy terms.

### Seventh Defense

Even in the event that the Defendants are not the prevailing party in the action, Ms. Sperry is not entitled to the award of attorneys' fees and costs that she seeks in his prayer for relief.

**WHEREFORE,** Liberty Life prays that:

1. The Court enter a judgment against Ms. Sperry on all claims in the Complaint;

2. The Court tax the costs in this action against Ms. Sperry;

3. The Court award Liberty Life the actual attorneys' fees and costs it has and will incur to itself against the claims asserted by Ms. Sperry in the present case; and,

4. The Court enter a judgment granting Liberty Life such other and further relief against Ms. Sperry as the Court deems just and appropriate.

      /s/
**H. MARK STICHEL**
Bar No. 02939
Gohn, Hankey & Stichel, LLP
201 North Charles Street, Suite 2101
Baltimore, Maryland 21201
(410) 752-1656

Attorney Liberty Life Assurance
Company of Boston, Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd Day of January, 2008, a copy of the foregoing paper was served upon counsel of record via the Court's ECF System.

      /s/
H. MARK STICHEL

Attorney for Liberty Life Assurance Company of Boston, Defendant.