**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SANDRA SPERRY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.: 1:07-CV-02177 (ESH)** |
| | ) **Next Court Deadline:  Feb. 29, 2008** |
| **LIBERTY LIFE ASSURANCE** | ) **(Scheduling Conference)** |
| **COMPANY OF BOSTON** | ) |
| | ) |
| **Defendant.** | ) |

**JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3**

THE PARTIES, by their respective counsel, and pursuant to Local Civil Rule 16.3, provide this report to the Court regarding their conferences held by telephone beginning January 23, 2008 and concluding on February 21, 2008.  More specifically, the parties advise the Court as follows:

**(1)** **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the merits.**

The parties believe that the case should be resolved by dispositive motion.  No dispositive motion has been filed by either party as of this date.

**(2)** **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties do not believe any other parties need to be joined and do not anticipate the need to amend the pleadings.

**(3)** **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Defendant does not consent to the assigning of the case to a magistrate judge.

PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

**(4)**     **<u>Whether there is a realistic possibility of settling the case.</u>**

There have been no substantive settlement discussions between the parties as of the date of this report.  However, both parties have indicated to their respective counsel that they are willing to discuss the potential for settling the case.

**(5)**     **<u>Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.</u>**

Both parties request that the Court refer the case to mediation pursuant to Local Rule 84.4 and that discovery, to the extent that it may be available, and the briefing schedule for dispositive motions be stayed for a period of 90 days pending the outcome of mediation.

**(6)**     **<u>Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions.</u>**

The parties intend to file cross Motions for Summary Judgment after the issue of the availability of discovery has been resolved; if the Court rules that discovery is available, cross Motions will be filed after the conclusion of discovery in this matter**.**  For purposes of summary judgment, the parties agree that dispositive motions shall be filed as ordered by the Court depending on how it rules on the availability of discovery,

**(7)**     **<u>Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R. Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.</u>**

2

PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

The parties stipulate to dispense with the initial disclosures required by F.R.C.P. 26(a)(1).  The complete administrative claim file will be produced to Plaintiff by Defendant by March 14, 2008.

**(8)    The anticipated extent of discovery, how long discover should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, documents production, requests for admissions and depositions.**

The parties disagree on the need for discovery.  Defendant believes no discovery is necessary or should be allowed.  Plaintiff believes limited discovery, through interrogatories, requests for production of documents, and possibly a Rule 30(b)(6) deposition of the Defendant is needed because the parties do not agree on the appropriate standard of review by the court.  Should the deferential standard of review be invoked by the court, as Defendant contends, Plaintiff believes discovery is necessary to inquire into the Defendant's conduct in handling Plaintiff's disability claim and appeal.

**(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

Not applicable.

**(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing therof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Not applicable.

PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com

**(12)** **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties believe that the Court should schedule the Pretrial Conference after it rules on dispositive motions.

**(13)** **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties believe that this matter will be decided upon dispositive motion and no trial date in this matter will be needed. Should the Court, after ruling on dispositive motions, determine that a trial is necessary; the trial date should be set at the Pretrial Conference.

**(14)** **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties do not believe there are any extraordinary or unusual matters that need to be addressed in the scheduling order.

**(15)** **Brief Statement of the Case and the Statutory Basis for All Causes of Action and Defenses.**

Plaintiff brings the instant action pursuant to 29 U.S.C. §1132 of the Employee Retirement Income Security Act of 1974, as amended (ERISA), to recover long term disability benefits provided to her through an employee benefit plan provided by her Employer. Defendant is the insurance carrier that issued a long term disability insurance policy providing coverage to employees of the Employer.

4

Respectfully submitted,

**McCHESNEY & DALE, P.C.**


By:_____/s/_____
          Charles F. Fuller
          D.C. Bar #406085
          4000 Mitchellville Road
          Suite B222
          Bowie, MD 20716
          (301) 805-6080
          (301) 805-6086 (facsimile)
          *Counsel for Plaintiff*


**GOHN, HANKEY & STICHEL, LLP**


By:_____/s/_____
          H. Mark Stichel
          D.C. Bar #  503038
          201 North Charles Street, Suite 2101
          Baltimore, Maryland 21201
          (410) 752-1658
          (410) 752-2519 (facsimile)

          *Attorney for Liberty Life Assurance*
          *Company of Boston, Defendant.*

PDF created with FinePrint pdfFactory trial version http://www.pdffactory.com